Francisco González Fagundo, Plaintiff and Appellee, v. José Zenón Berríos, Defendant and Appellant, and Faustino Berríos, Defendant.

No. 8209.   Argued January 20, 1941.—Decided January 27, 1941.

*Miguel A. Muñoz* for appellant.   *Francisco González Fagundo in pro. per., Arturo Aponte,* and *Faustino R. Aponte* for appellee.

Mr. Justice Travieso delivered the opinion of the court.

The plaintiff-appellee asks us to dismiss the present appeal on the ground that the same has not been taken in good faith and that its only purpose is to delay the course of justice and to prevent the execution of the judgment.

From the verified motion filed by the plaintiff-appellee, and from the documents exhibited therewith, the following facts appear:

On April 4, 1940, the District Court of Humacao adjudged the defendant José Zenón Berríos and Faustino Berríos to pay to the plaintiff Francisco González Fagundo the sum of $5,000, plus $500 as attorney's fees and costs. From that judgment José Zenón Berríos took an appeal, and the notice of appeal was filed on April 29, 1940. On May 6 of the same year, the court, on motion of the appellant, ordered that the transcript of the evidence be prepared and on the 13th of the same month, the stenographer filed in the office of the clerk of the lower court a petition to have the appellant deposit in said office the amount of his fees totalling $600, and he timely served notice thereof on the attorney for the appellant.

On May 27, 1940, the date on which the time for filing the transcript of the evidence expired, the appellant re-

quested and obtained from the lower court an extension of 30 days for that purpose. When the plaintiff learned of the allowance of said extension, he moved for a reconsideration of the order whereby the same had been granted. The lower court summoned the parties to be heard on June 7 upon the merits of the motion for reconsideration, and on the 6th of the same month, the appellant requested a term of ten days for filing a brief in opposition to said motion, as he would not be able to attend the hearing set for the 7th. The lower court, over the objection of the appellee, granted the term requested and set the motion for hearing on June 21, 1940, on which date that court, after hearing the plaintiff which was the only party who appeared, made an order granting the appellant until June 25, 1940, to deposit the fees of the stenographer, in default of which, the court would reconsider its order and deny the extension requested.

On June 24, 1940, the appellant filed a new motion in which he requested that the term which had been granted to him to deposit the fees of the stenographer be extended until such time as this Supreme Court should decide a motion to dismiss the appeal which had been filed by the plaintiff-appellee. There is no showing in the record as to any decision rendered by the lower court on said motion. The motion for dismissal was decided on July 19, 1940, in favor of the defendant-appellant.

On June 24, 1940, the defendant-appellant filed another motion requesting that the term fixed for depositing the fees of the stenographer be extended until the court sould decide a motion for the release of an attachment levied on property of the defendant-appellant in another suit pending before the said court. Said motion was filed on June 26, 1940, and it is still pending, without the movant having taken any step to have the same decided by the court.

On August 2, 1940, the appellant filed a new motion alleging that his attorney was in the National Guard encamp--

ment and requested that the term for making said deposit should be extended for ten days after the termination of the encampment, that is, until August 28, 1940.

After all the periods to which we have made reference had expired without the appellant taking any step to perfect the appeal, the plaintiff-appellee filed a motion in which he requested the lower court not to grant new extensions to the appellant. Notice of said motion was served on the appellant and the motion was decided in favor of the plaintiff-appellee.

On January 20, 1941, the hearing of the motion to dismiss the appeal was held with the appearance of the plaintiff-appellee, who in support of his motion presented a certificate of the clerk of the district court, dated the 18th of the same month, in which said official stated that the last motion of the appellant was filed on July 31, 1940; and that since that date the appellant had done nothing further, nor had filed the transcript of the evidence, nor requested a reconsideration of the order of October 17, 1940, denying the extensions sought. The moving party also filed a certificate of the stenographer in which the latter stated that from May 25, 1940, to January 18, 1941, the date of the certificate, the defendant-appellant had taken no step to procure the preparation of the stenographic record.

The defendant-appellant did not appear to oppose the motion for dismissal, notwithstanding the fact that timely notice thereof had been served on him.

The facts which we have just stated prove beyond any doubt that the defendant-appellant in taking the appeal had no other purpose than to delay the execution of the judgment.

The motion must be sustained and the appeal dismissed for want of prosecution.